**UNITED STATES of America, Plaintiff,**

v.

**Lee LINTON et al., Defendants.**

**No. CR–R–80–24–ECR.**

United States District Court,
D. Nevada.

Oct. 7, 1980.

B. Mahlon Brown, U. S. Atty. by Geoffrey A. Anderson, Las Vegas Strike Force Office, Las Vegas, Nev., and Marvin L. Rudnick, Los Angeles Strike Force Office, Los Angeles, Cal., for plaintiff.

Bruce M. Judd, Las Vegas, Nev., for Material Witness Kenneth Bratcher.

Albert J. Kreiger, Miami, Fla., for Sorkis J. Webbe.

V. Devoe Heaton, Heaton & Wright, Las Vegas, Nev., for Fred L. Kennedy.

Oscar B. Goodman, Goodman, Oshins, Brown & Singer, Chartered, Las Vegas, Nev., for Robert C. Tindell.

James M. Shellow and James R. Glover, Shellow & Shellow, Milwaukee, Wis., for Aladdin Hotel Corp.

James A. Twitty, Beverly Hills, Cal., for Dennis Piotrowski.

Samuel S. Lionel and John R. Lusk, Lionel, Sawyer & Collins, Las Vegas, Nev., for Del E. Webb Corp.

James F. Duncan and Robert B. Best, Jr., Kansas City, Mo., for James R. Comer.

### ORDER

EDWARD C. REED, Jr., District Judge.

Kenneth Bratcher is presently in custody as a material witness in this case, having been unable to post bail of $50,000.00 cash or corporate surety. He now moves the Court for an order pursuant to 18 U.S.C. § 3149 to permit his deposition to be taken and for his release on his personal recognizance subsequent to the taking of the deposition. The Government opposes the motion because Mr. Bratcher has failed after subpoena to appear at previous court proceedings and may in the future fail to make such required appearances. The Government also argues that the presentation of witnesses at trial, rather than by deposition, is the favored method of testimony and that the use of depositions in criminal cases is not favored. The Government also fears that it may not be able to demonstrate the unavailability of Mr. Bratcher as a witness for the trial so as to permit the introduction of his deposition according to Rule 804 of the Federal Rules of Evidence and 18 U.S.C. § 3503.

Mr. Bratcher has been in custody for approximately two months and presently remains in custody. The trial of this action has been postponed by appeals of defendants to the Ninth Circuit Court of Appeals

of this Court's order denying motions to dismiss the indictment. The Court is advised that appellants have previously filed their opening briefs and that the Government's brief to the Appellate Court is due October 13, 1980, and thereafter the Ninth Circuit has made provision for reply briefs. So far as this Court is advised, the matter has not yet been set for hearing before the Ninth Circuit. It is also to be anticipated that the appellate court may not rule on the appeal for some period of time after the arguments.

A hearing was held in this matter before the Court on September 29, 1980. The Government was represented by Geoffrey Anderson of the Department of the Department of Justice, and the witness, Mr. Bratcher, was represented by Bruce Judd. Mr. Bratcher was present in person at the hearing.

It appears to the Court that due to exceptional circumstances of the case, it is in the interest of justice that the testimony of Mr. Bratcher should be taken by deposition and preserved for use at the trial, subject to the provisions and conditions set forth in this Order. This is not to say that Mr. Bratcher should not be required to appear to testify at the trial of the case if subpoenaed and permitting his deposition to be taken is not to be deemed or considered as waiving the right of the Government to call him as a live witness at the trial if it chooses to do so.

The provisions of this Order, which is entered by the Court at this time, have been stipulated to by Mr. Bratcher and his counsel at the hearing. In that the Court indicated at the hearing that after consideration of the documents on file it was inclined to enter an order permitting the deposition to be taken, the Government has stipulated as to the conditions for taking the deposition as set forth in this Order. In the event that either party involved in this proceeding, or any other party in the case, wishes to make further motions respecting the taking of the deposition or modifying the provisions of this Order in some way or other, they are not foreclosed from making such motions by virtue hereof and the Court will consider such motions if filed.

The Court finds that the testimony of Mr. Bratcher can adequately be secured by deposition and that further detention is not necessary to prevent a failure of justice.

At the hearing in this matter, Mr. Bratcher provided to the Department of Justice and to the Clerk of the Court the residence address and telephone number where he will be residing in the State of Florida if released. Mr. Bratcher provided a description of where he will be residing. If the Government is able to verify a better address or description of Mr. Bratcher's intended place of residence, it shall provide a statement thereof directly to the Judge of the Court and to Mr. Bratcher, and if Mr. Bratcher finds this to be inaccurate, he shall promptly notify the Judge of the Court.

IT IS, THEREFORE HEREBY ORDERED as follows:

1. The deposition of Kenneth W. Bratcher, a material witness in this case, shall be taken by deposition and preserved for use at trial. Said deposition shall be taken commencing at 9:30 o'clock a. m. on Thursday, October 23, 1980. The deposition shall be taken by video tape at the expense of the Government. The Government is to make the arrangements for the machine and the operator. As soon as the deposition is taken, it shall be promptly processed and placed in a form so that it may be shown to and heard at the trial of the case.

2. The deposition shall be taken before United States Magistrate Phyllis Halsey Atkins at Courtroom No. 1, 300 Las Vegas Boulevard, Las Vegas, Nevada. It shall be conducted in the same manner and fashion as if the deponent were giving live testimony at the trial. The proponent shall be sworn by the Magistrate.

3. All counsel in this case and all defendants shall be required to be personally present at all times during the taking of the deposition.

4. Prior to the taking of the deposition, the Government and any of the defendants

may give notice to Mr. Bratcher and his counsel to require Mr. Bratcher to produce at the taking of the deposition, any designated book, paper, document, record, recording or other material not privileged, as the Government and defendants may desire. Such notice shall be given at least ten (10) days in advance of the time of taking of the deposition. The Government shall make available to the defendants for their examination and use at the taking of the deposition any statement of the witness being deposed which is in the possession of the Government and which the Government would be required to make available to the defendants if the witness were testifying at the trial.

5. A copy of this Order shall be promptly provided to all parties to the action and to Mr. Bratcher and his counsel.

6. At the time of the deposition, examination and cross examination of witnesses shall proceed as permitted at the trial under the provisions of the Federal Rules of Civil Procedure. The recording of the deposition on video tape shall be in the presence of the Magistrate and subject to her direction. Any party shall also be entitled to arrange to have a stenographic transcription made at his own expense. All objections made at the time of the examination to the qualifications of the officer taking the deposition, or the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceeding, shall be noted by the Magistrate during the deposition. Evidence objected to shall be taken subject to the objections.

7. After the video tape of the deposition has been processed, it shall be submitted to Mr. Bratcher for examination and inspection. Any changes in form or substance which the witness desires to make shall be set forth in writing by him to the Magistrate with a statement of reasons given for making them. The witness shall then give his approval of the deposition in writing and by his signature (subject to changes in form or substance which are to be noted, as aforesaid). The Magistrate shall thereafter certify in writing that the witness was duly sworn by her and that the deposition is a true record of the testimony given by the witness. She shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "deposition of Kenneth W. Bratcher" and shall promptly file the same with the Court. The Magistrate shall promptly give notice of the filing of the deposition to all parties and to Mr. Bratcher and his counsel.

8. Documents and things produced for inspection during the examination of the witness shall, upon the request of a party, or Mr. Bratcher or his counsel, be marked for identification and returned with the deposition and may be inspected and copied by any party.

9. At such time as the deposition is filed in the manner aforesaid, then the conditions for release of Mr. Bratcher shall be amended to permit his immediate release upon personal recognizance and subject to the following conditions:

(a) Mr. Bratcher shall be permitted to travel from Las Vegas, Nevada, by the most direct and convenient route to the State of Florida over a period not to exceed one week.

(b) Upon Mr. Bratcher's arrival in Florida, his travel shall be restricted to that State.

(c) Immediately upon arrival, Mr. Bratcher shall personally visit the office of the U. S. Department of Probation at Tampa, Florida, and shall make arrangements to thereafter personally visit that office for release supervision not less than two times each week. The exact days and times for such visitation shall be set and determined by the officer in charge of that office. In lieu of his personal twice-weekly visitations at the office of the U. S. Department of Probation at Tampa, Florida, the probation officer in charge may permit Mr. Bratcher to make such required personal twice-weekly visitations at another place or places within the State of Florida, such as an office maintained by a law enforcement agency, or probation office, or other place where the proper supervision can be continued.

10. Upon the giving of the deposition and his release from custody, Mr. Bratcher shall not be excused from appearing at the trial if he is subpoenaed as a witness.

11. In the event that Mr. Bratcher shall change his address or telephone number, he shall within three days thereafter provide a written notice of such change of address to the Department of Justice and to the Judge of this Court.

12. In connection with the taking of this deposition, Mr. Bratcher shall be entitled to compensation as provided in 28 U.S.C. § 1821.

13. The officer having custody of the witness shall also be notified by the Government of the time and place set for the deposition and shall produce him at the deposition. Said officer shall remain in the presence of the witness during the deposition.